IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WEST COAST PRODUCTIONS, INC.,**

    Plaintiff,

v.                                      CASE NO. 5:12-cv-277-RS-EMT

**DOES 1-48, 50-581,**

    Defendants.
_____/

## ORDER

Before me are Doe 9's Motion to Quash with Motion for Protective Order, Motion to Drop Doe 9 as a Party, and Motion to Reconsider Order (Doc. 7) and Plaintiff's Response (Doc. 9).

*Background*

On August 29, 2012, Plaintiff West Coast Productions, Inc., a California corporation with its principal place of business in California, filed the instant action (Doc. 1) alleging that each John Doe Defendant is liable for copyright infringement under 17 U.S.C. § 101 *et seq.* Plaintiff alleges that the Doe Defendants unlawfully copied and distributed Plaintiff's motion picture, *Teen Anal Nightmare 2*, over the internet using the peer-to-peer filesharing protocol known as BitTorrent.

Subsequently, Plaintiff filed a Motion for Leave to Take Early Discovery Prior to Rule 26(f) Conference (Doc. 5), which was granted because Plaintiff showed good cause for early discovery.  Good cause exists to permit expedited discovery in copyright infringement cases where Plaintiff (1) makes a prima facie showing on infringement, (2) there is no other way to identify the Doe Defendants, and (3) there is a risk an ISP will destroy its logs prior to the conference.  *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, at *4 (N.D. Cal. 2008); *Arista Records, LLC v. Does 1-19*, 551 F.Supp.2d. 1, 6-7 (D.D.C. 2008).   Plaintiff was allowed to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address.

Defendant Doe 9, among others, has filed a motion to quash , motion for protective order, motion to dismiss as a party or to sever, and motion for reconsideration of the Court's order allowing early discovery.

*Motion to Reconsider*

Because Plaintiff made a showing of good cause, the previous order stands, and Defendant's Motion to Reconsider is **DENIED**.

*Motion to Quash*

The subpoena was issued from the Northern District of Florida for service on Comcast Cable Communications in Moorestown, New Jersey.  Rule 45 provides that "[a] subpoena must issue for production or inspection, if separate from a subpoena commanding a person's attendance *from the court for the district where the production or inspection is to be made*."  Fed. R. Civ. P. 45(a)(2)(C) (emphasis added); *see Celestial, Inc. v. John Does 1-252*, 2012 WL 5052315, at *2 (M.D. Fla. Sept. 10, 2012), *adopted by Celestial, Inc. v. John Does 1-252*, 2012 WL 5050136 (M.D. Fla. October 8, 2012)(finding an identical subpoena to be invalid).  Additionally, it is proper to make the motion to quash in the issuing court.  Fed. R. Civ. P. 45(c)(3).  Because the subpoena should have been issued in New Jersey, it is invalid and should be quashed.  Therefore, the motion to quash is **GRANTED**.

*Motion for Protective Order*

Because the motion to quash has been granted, the motion for protective order is **DENIED as moot.**  *See Celestial, Inc. v. John Does 1-252*, 2012 WL 5052315, at *2 (M.D. Fla. Sept. 10, 2012), *adopted by Celestial, Inc. v. John Does 1-252*, 2012 WL 5050136 (M.D. Fla. October 8, 2012).

*Motion to Sever*

Plaintiff claims that it is able to join the 581 Defendants in this case because of their use of BitTorrent to download the motion picture. The Middle District of Florida dealt with an almost identical case, *Malibu Media, LLC v. John Does 1-28*, and described how BitTorrent works:

> [W]hen a peer installs and runs a BitTorrent client, the client will automatically upload and share pieces of the seed file with other peers who are using the same torrent file, unless the peer affirmatively inhibits uploading. This process—peers simultaneously downloading from the seeder while uploading pieces of the seed file—is the essence of BitTorrent's success and efficiency.
> All of the peers participating in the upload and download of pieces identified by the same torrent file are known collectively as a "swarm." Once a peer finishes downloading all of the pieces of a film, that peer becomes an "additional seed" in the swarm and provides other peers in the swarm with pieces of the film. "This coordination through the [t]orrent file is key to the success of a swarm, because each individual user's success or failure to fully download the file is dependent on other users downloading the same [t]orrent file and allowing the upload of pieces." The swarm method of sharing files is central to Malibu's theory of joinder.

Doc. 14-1; *Malibu Media, LLC v. John Does 1-28,* Case no. 8:12-cv-1667-T-27MAP (M.D. Fla. Dec. 6, 2012)(internal citations omitted).

In its complaint, Plaintiff contends that each Defendant copies its film by participating in the same swarm, and therefore, they are properly joined as defendants under Fed. R. Civ. P. 20. To determine whether the requirements of Rule 20(a)(2) are satisfied, the factual allegation in Plaintiff's complaint must be accepted as true. *See Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 159

(S.D.N.Y. 2009). Rule 20 must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

There are two prerequisites Plaintiff must establish for joinder under Rule 20(a)(2): "(1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Plaintiff undoubtedly meets the second prong by alleging that Defendants downloaded the same film that was subject to the same copyright—possibly to and from each other—and violated the same law. (Doc. 1). These allegations sufficiently allege a question of law or fact common to all Defendants.

The Eleventh Circuit applies the "logical relationship" test to determine if claims arise from the same transaction or occurrence. *See Smith v. Trans-Siberian Orchestra*, 728 F.Supp.2d 1315, 1319 (M.D. Fla. 2010)(citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755, F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* "[T]here is a logical relationship when 'the same operative facts

serve as the basis of both claims' " *Rebublic Health*, 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).  The logical relationship standard is a "loose" one "which permits a 'broad realistic interpretation in the interest of avoiding a multiplicity of suits.' " *Plant*, 598 F.2d at 1361(citing 3 Moore's Federal Practice 13.13 at 300).

Although federal courts have reached opposing conclusions on the same issue, if the joinder rules are construed broadly as they were intended, then joinder is proper under Rule 20(a)(2).  Using the logical relationship test, the swarm method of downloading from BitTorrent as described in the complaint is sufficient to support joinder.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012)("[I]t is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or 'swarm' of connectivity designed to illegally copy and share the exact same copyrighted files—could *not* constitute a 'series of transactions or occurrences' for purposes of Rule 20(a).").

However, although the Defendants are properly joined, the court has discretion to sever parties under Rule 21.  "[O]nce the [Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).  Rule 21

authorizes the court to "sever any claims against any party."  "A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness."  (Doc. 14-1, p. 9-10).

Although each Defendant allegedly participated in the same swarm, each would also have their own defenses, including that someone else with access to the defendant's IP address committed the infringement.  "To maintain any sense of fairness, each individual defendant would have to receive a mini-trial, involving different evidence and testimony. The enormous burden of a trial like this . . . would substantially prejudice defendants and the administration of justice." *CineTel Films, Inc. v. Does 1-1,052*, 853 F.Supp.2d 545, 554 (D. Md. 2012). Additionally, various discovery motions are likely to be filed by the individual Defendants, each involving unique arguments and personalized concerns, as evidenced by other pending motions to quash.  (Docs. 8, 11, 15).  "There are no litigation economies to be gained from trying what are in essence [581] different cases together, because each of the John Does is likely to have some individual defense to assert."  *See Digital Sins, Inc. v. John Does 1-245*, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012).  It seems as though "[t]he only economy that litigating these cases as a single action would achieve is an economy to plaintiff— the economy of not having to pay a separate filing fee for each action brought." *Id.*

Most significantly, joinder of 581 defendants produces great case management concerns, jeopardizing the court's ability to control the docket if Plaintiff proceeds on the merits. With 581 defendants, meaningful case management deadlines will not be achievable. Additionally, once each Doe is identified, the potential for numerous amended complaints arises. "And the process of identifying the unknown defendants has the potential of prejudicing those defendants who are identified early on, who will likely languish in litigation beyond their control while [Plaintiff] pursues the identities of the other John Does." (Doc. 14-1, p. 14). Therefore, effective case management will be impractical.

Although Plaintiff certainly has the right to protect its copyright, assuming it is a protectable copyrighted work, the manner in which is chose to do so is problematic for the court. "Although joinder is permissible under Rule 20(a)(2), concerns of fairness, prejudice, expedience, cost, practicality, and case management warrant severance of the individual claims." *Id.* at 16. Therefore, the motion to sever is **GRANTED**.

*Motion to Dismiss Doe 9*

John Doe 9 also argues that the claims against him should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). However, dismissal at this point is not proper. "At this point the John Doe Defendants are

not yet parties to this lawsuit because they have not been served with process. Indeed, service may not be made because their true identities are not yet known. Courts that have previously been presented with this situation have found that because the Doe defendants have not yet been served it is not proper for the Court to consider a motion to dismiss them." *Nu Image, Inc. v. Does 1-3,932,* 2012 WL 1900151, at *1 (M.D. Fla. May 9, 2012).

*Conclusion*

1. Doe 9's Motion to Quash with Motion for Protective Order, Motion to Drop Doe 9 as a Party, and Motion to Reconsider Order (Doc. 7) is **GRANTED in part and DENIED in part**.
2. The Motion to Reconsider is **DENIED**.
3. The Motion to Quash is **GRANTED**.
4. The Motion for Protective Order is **DENIED as moot**.
5. The Motion to Sever is **GRANTED**.
6. The claims against Does 2-48, and 50-581 are **DISMISSED without prejudice**.
7. The Motion to Dismiss is **DENIED**.
8. Doe 29's Motion to Quash (Doc. 8) is **DENIED as moot**.
9. Doe 96's Motion to Quash (Doc. 11) is **DENIED as moot.**
10. Doe 53's Motion to Quash (Doc. 15) is **DENIED as moot**.

11. Plaintiff's Motion for Extension of Time (Doc. 19) is **DENIED as moot**.

**ORDERED** on December 21, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
